AARON M. CLEFTON, Esq. (SBN 318680)
CLEFTON DISABILITY LAW
2601 Blanding Ave, Suite C
#336
Telephone: 510/832-5001
info@cleftonlaw.com

Attorneys for Plaintiff
BRANDI SCHLATER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDI SCHLATER<br><br>Plaintiff,<br><br>v.<br><br>CWP CALIFORNIA CORP dba MISTER CAR WASH; KF AYANDEH LLC; VICTORIA PROPS LLC<br><br>Defendants. | CASE NO. 5:26-cv-00373<br>Civil Rights<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1. Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)**<br><br>**2. Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)**<br><br>**3. Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff BRANDI SCHLATER complains of Defendants CWP CALIFORNIA CORP dba MISTER CAR WASH; KF AYANDEH LLC; VICTORIA PROPS LLC and alleges as follows:

1. **PREFATORY:** Plaintiff is not a high frequency ADA litigant. Plaintiff's law firm has represented over 150 unique plaintiffs, the vast majority of whom have filed less than three ADA cases in their lifetimes. Plaintiff's counsel is not a high frequency litigant firm under state law.

2. **INTRODUCTION:** Plaintiff is a service dog trainer and handler, and she is also an amputee who uses a wheelchair. She has paid monthly for a

subscription to Mister Car Wash so that she has ready access to wash her car on a regular basis. Since April of 2024, Plaintiff has regularly washed her vehicle at the Mister Car Wash located at 13311 Main Street, Hesperia, California 92345. Sometime around April of 2025, a car accident at Mister Car Wash disabled the vacuum cleaners that were serving the designated accessible parking space.

3. Plaintiff is unable to use the vacuum cleaners at Mister Car Wash which are served by standard parking spaces because they do not allow sufficient space for Plaintiff to maneuver around her vehicle to vacuum. She can only use the vacuums serving the accessible parking space in order to clean her vehicle. Despite multiple complaints to the management on site, the vacuums have never been fixed. Plaintiff ultimately canceled her membership in December, 2025 and wrote the reason she was canceling was the lack of accessible equipment. Even after several verbal and this written complaint, the vacuums were not fixed as of January 27, 2026, Plaintiff's last visit to the premises.

4. Plaintiff brings this suit to ensure that the accessible features at Mister Car Wash are fixed and maintained in working order, so that she can return to Mister Car Wash. She also seeks compensation for her difficulty and discriminatory experiences.

5. **JURISDICTION:** This Court has jurisdiction over this action pursuant to 28 USC sections 1331 and 1343. This Court has jurisdiction over the claims brought under California law pursuant to 28 U.S.C. § 1367.

6. **VENUE:** Venue is proper in this court pursuant to 28 USC section 1391(b) and is proper because the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

7. **PARTIES:** Plaintiff Brandi Schlater has been and is a professional dog and service dog trainer, both before and after she became disabled. She is a "qualified" disabled person who uses the assistance of a service dog herself.

Plaintiff was injured in a very serious car accident in 2021 in which she suffered an open pelvic fracture. As a result of her injuries her left leg was permanently paralyzed (a condition known as monoplegia). She later had it amputated. Plaintiff can stand and transfer from her wheelchair to another seat, but she is unable to walk without a prosthetic leg. Plaintiff uses a manual wheelchair for mobility, and due to the repetitive motions necessary to propel herself in her wheelchair, she now suffers from bilateral carpal tunnel syndrome. Plaintiff has been issued a parking placard for disabled persons from the State of California to park any vehicle which she drives or is transported in, in a designated and properly configured disabled accessible parking space. As a result of the horrific accident that caused her disability and the significant changes her disability has caused in her life, Plaintiff also suffers from post-traumatic stress disorder (PTSD) and depression. Plaintiff is a qualified person with a disability as defined under federal and state law who is substantially limited in the major life activities of walking, balancing, bending and standing. 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(1).

8. Defendants CWP CALIFORNIA CORP dba MISTER CAR WASH; KF AYANDEH LLC; VICTORIA PROPS LLC were at all times relevant to this complaint, the owners, operators, lessors, and/or lessees of the business, property, buildings, and/or portions of them located at 13311 Main Street, Hesperia, California 92345, and known as the Mister Car Wash. Plaintiff is informed and believes that the Defendants performed all acts and omissions stated herein and is responsible in some manner for the acts and omissions proximately causing the damages complained of herein.

9. Mister Car Wash is a place of "public accommodation" and a "business establishment" subject to the requirements *inter alia* of the categories of 42 U.S.C. section 12181(7) of the Americans with Disabilities Act of 1990, of California Civil Code sections 51 *et seq.*, and of California Civil Code sections 54

*et seq* because any member of the general public is invited to visit it.

10. **FACTUAL STATEMENT:** Plaintiff is a person with a mobility disability who uses a wheelchair. Plaintiff maintained a monthly subscription to Mister Car Wash that allows for unlimited car washes from April 2024 through December 2025. The Mister Car Wash located at 13311 Main Street, Hesperia, California 92345 is the most convenient location for Plaintiff because it is near other businesses she regularly patronizes. This proximity allows Plaintiff to complete multiple errands in a single trip. Plaintiff has regularly used this location to clean her vehicle since April 2024. For a year, Plaintiff enjoyed the full and equal benefits of her membership because the equipment was functional that served the disabled parking space. However, a year later this changed for the worse.

11. At this Mister Car Wash location, patrons drive their vehicles through the automated car wash and then proceed to a designated vacuum area to clean the interior of their vehicles. To use the vacuums, a patron must park in either a diagonal or perpendicular parking space. Each space has a vacuum unit positioned at the head of the parking space. Patrons must exit their vehicle and maneuver around the exterior of the vehicle in order to vacuum the interior of their vehicle. The vacuum area includes approximately twenty-one standard parking spaces and two designated accessible parking spaces. The accessible parking spaces are designed to provide sufficient space for patrons with mobility disabilities to safely exit their vehicles and maneuver around them while using the vacuums.

12. Plaintiff cannot use the standard vacuum spaces because they are too narrow to allow her to safely exit her vehicle, transfer to her wheelchair, and vacuum her vehicle. The limited space in the standard stalls prevents Plaintiff from maneuvering around her vehicle with a wheelchair, which is necessary to independently vacuum the interior of her car. As a result, Plaintiff historically relied on the designated accessible vacuum spaces at Mister Car Wash.

13. In or around April 2025, a vehicle crashed into the Mister Car Wash

building and damaged the vacuum equipment serving the two designated accessible vacuum spaces. As a result of this incident, the vacuums at the accessible spaces became unusable. The vacuums at the approximately twenty-one standard vacuum spaces remained operational.



14. After the accessible vacuums became unusable, Plaintiff asked Mister Car Wash staff on multiple occasions when the accessible vacuums would be repaired. Plaintiff specifically inquired about repairs on or around August 18, 2025, and again on or around September 6, 2025. On these occasions, staff informed Plaintiff that they were waiting for "corporate" approval to determine when the vacuums would be fixed due to the expense involved.

15. *The vacuums at the two designated accessible spaces have remained out of service* ***for nine months***, during which Plaintiff has been unable to use the vacuum facilities at Mister Car Wash independently. Despite continuing to pay for her monthly subscription, Plaintiff has not received the full benefit of the services provided, while able-bodied patrons continued to use the operational standard

vacuums without interruption. She eventually cancelled her subscription in December 2025 and wrote the reason for cancellation was the lack of accessible equipment. Despite this written notice, the equipment was still not operational on January 27, 2026. This lawsuit followed.

16. Under the Americans with Disabilities Act and its implementing regulations, including 28 C.F.R. § 36.211(a), places of public accommodation are required to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by individuals with disabilities. Defendants failed comply with this regulation by allowing their accessible vacuums to remain inoperable for *nine months* while continuing to maintain the vacuums serving standard parking spaces.

17. Further, Defendants did not implement any temporary measures to provide disabled patrons, such as Plaintiff, access to the vacuum services during the extended period of inoperability. Defendants' employes did not offer to block off adjacent standard vacuum spaces to create sufficient maneuvering clearance, nor did they offer any other reasonable modification that would have allowed Plaintiff to independently use the vacuum facilities.

18. As a result of Defendant's failure to maintain the accessible vacuum spaces in an operable working condition, Plaintiff was denied full and equal enjoyment of the services provided at the facility. While able-bodied patrons continued to use the standard vacuum spaces without interruption, Plaintiff was unable to independently use the vacuum facilities for an extended period despite paying the same monthly subscription fee.

19. Plaintiff has a desire to return to Mister Car Wash in order to clean her vehicle. However, Plaintiff cannot fully take advantage of the services provided by Defendants until the premises are made accessible to disabled individuals such as herself, including providing a working vacuum serving the accessible parking spaces. She intends to resume her membership once the equipment is fixed.

20. The above referenced barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's access consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011). All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter when she returns to the premises. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**(42 USC §§ 12101 *et seq.*)**

21. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 20 of this Complaint and incorporates them herein as if separately re-pleaded.

22. In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

23. Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

24. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

25. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to any "sales or rental establishment" or "service establishment." 42 USC § 12181(7)(E) and (F).

26. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

<u>§ 12182(b)(1)(A)(ii)</u>: "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good,

service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

27. The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA. As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA. In the event that

removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

28. The ability to safely park and vacuum a vehicle is fundamental to the operation of a car wash. Therefore, the benefits of creating these accessible features do not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a Car Wash, such as the costs of ensuring fire safety. It is thus readily achievable to remove these barriers.

29. On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

30. Defendants' actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing the Car Wash and failing to provide her with full and equal access when she does and discriminated and continue to discriminate against her on the basis of her disabilities, thus wrongfully denying Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA. 42 U.S.C. § 12182.

31. Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff BRANDI SCHLATER is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC

2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of her disabilities in violation of sections 12182 and 12183 of this title. On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters. Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

32. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff BRANDI SCHLATER is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may use the property and premises, or attempt to patronize the Car Wash, in light of Defendants' policies and physical premises barriers.

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CAUSE OF ACTION: VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE SECTION 51(f)

33. Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 32 of this Complaint and incorporates them herein as if separately re-pleaded.

34. At all times relevant to this complaint, California Civil Code section 51 has provided that physically disabled persons are free and equal citizens of the

state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, *disability, or medical condition* are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

35. California Civil Code section 52 provides that the discrimination by Defendants against Plaintiff on the basis of her disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

36. Each of Defendants' discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

37. Any violation of the Americans with Disabilities Act of 1990 also constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52. Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

38. The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code sections 51 and 52. As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory, compensatory and treble damages to Plaintiff, according

to proof.

39. **FEES AND COSTS:** As a result of Defendants' acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52. Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**THIRD CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION**
**(California Health & Safety Code §§ 19955 *et seq*; Civil Code §§ 54 *et seq.*)**

40. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 39, above, and incorporates them herein by reference as if separately repled hereafter.

41. Plaintiff BRANDI SCHLATER and other similarly situated physically disabled persons, including those who require the use of an assistive device for mobility, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code sections 19955 -19959. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code sections 19955 *et seq.* Further, Plaintiff is also protected against policy and architectural barrier discrimination by California Civil Code sections 54 and 54.1,

the "Disabled Persons Act." "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Civil Code § 54(a). Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited." Civil Code § 54.1(a). Additionally, any violation of the ADA, including but not limited to any violation of 42 USC sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act. Civil Code §§ 54(c), and 54.1(d).

42. Title 24, California Code of Regulations, formerly known as the California Administrative Code and now also known as the California Building Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, Defendants and/or their predecessors in interest carried out new construction and/or alterations, structural repairs, and/or additions to such buildings and facilities during the period Title 24 has been in effect. Further, Plaintiff alleges, on information and belief, that construction, alterations, structural repairs, and/or additions which triggered access requirements at all relevant portions the Car Wash, also occurred between July 1, 1970, and December 31, 1981, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code sections 4450 *et seq*. Further, on information and belief, additions to the building after the initial construction also occurred after January 1, 1972, triggering access

requirements per Health and Safety Code section 19959. Alterations or additions after January 26, 1993 trigger ADA liability and requirements per 42 USC sections 12182 and 12183 of the ADA.

43. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior, and second-class citizen. They serve to discriminate against her on the sole basis that she is a person with disabilities who requires the use of a wheelchair or other assistive device for movement in public places, including the addition of a fully compliant accessible parking facilities at the Car Wash.

44. Plaintiff is deterred from returning to use these facilities, because the lack of access will foreseeably cause her further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities. Therefore, Plaintiff cannot return to patronize the Car Wash and its facilities, and is deterred from further patronage until these facilities are made properly accessible for disabled persons. Plaintiff intends to return subject premises to wash and vacuum her car. She will return to the subject premises if it is made accessible to her.

45. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to all inaccessible areas of the premises that she has personally encountered, and, as to all areas identified during this litigation by Plaintiff's access consultant, that she or other physically disabled persons may encounter in the

future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011). As to the Defendants, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

46. Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Health & Safety Code section 19953 and California Civil Code section 55, and other law. Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

47. **DAMAGES:** As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendants in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a violation of her civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to her damages per Civil Code section 54.3, including general and statutory damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against Plaintiff on the basis that she was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the Defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons. These violations have deterred

Plaintiff from returning to attempt to patronize the Car Wash and have denied her full and equal access and will continue to cause her damages each day these barriers to access continue to be present.

48. **FEES AND COSTS:** As a result of Defendants' acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section 19953. Additionally, Plaintiff's lawsuit is intended to require that Defendants make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

## PRAYER

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief she requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff BRANDI SCHLATER prays for judgment and the following specific relief against Defendants:

1. Issue a preliminary and permanent injunction directing Defendants as

current owners, operators, lessors, and/or lessee of the subject property and premises to modify the above described property, premises, policies and related facilities to provide full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided; to cease any discriminatory policies, and to train Defendants' employees and agents in how to recognize disabled persons and accommodate their rights and needs;

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, and general damages in amounts within the jurisdiction of the Court, all according to proof;

4. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest pursuant to Civil Code section 3291; and

6. Grant such other and further relief as this Court may deem just and proper.

Date: January 28, 2026

CLEFTON DISABILITY LAW

*/s/ Aaron M. Clefton*
By AARON M. CLEFTON, Esq.
Attorneys for Plaintiff
BRANDI SCHLATER

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: January 28, 2026

CLEFTON DISABILITY LAW

*/s/ Aaron M. Clefton*
By AARON M. CLEFTON, Esq.
Attorneys for Plaintiff
BRANDI SCHLATER